UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

AMY COLLIER,

       Plaintiff,

v.                                                Case No. 8:20-cv-2855-AEP

KILOLO KIJAKAZI,
Acting Commissioner of Social Security,[1]

       Defendant.
_____/

**ORDER**

Plaintiff seeks judicial review of the denial of her claim for disability insurance benefits ("DIB") and Supplemental Security Income ("SSI"). As the Administrative Law Judge's ("ALJ") decision was based on substantial evidence and employed proper legal standards, the ALJ's decision is affirmed.

**I.**

**A.   Procedural Background**

Plaintiff protectively filed an application for DIB and SSI (Tr. 183–95). The Social Security Administration ("SSA") denied Plaintiff's claims both initially and upon reconsideration (Tr. 47–100, 105–18, 121–46). Plaintiff then requested an administrative hearing (Tr. 147–48). Per Plaintiff's request, the ALJ held a hearing

---

[1] Dr. Kilolo Kijakazi is now the Acting Commissioner of Social Security. Pursuant to Rule 25(d) of the Federal Rules of Civil Procedure, Acting Commissioner Kilolo Kijakazi should be substituted for Commissioner Andrew M. Saul as the defendant in this matter. No further action needs to be taken to continue this matter by reason of the last sentence of section 205(g) of the Social Security Act. 42 U.S.C. § 405(g).

at which Plaintiff appeared telephonically due to the COVID-19 pandemic and testified (Tr. 30–46). Following the hearing, the ALJ issued an unfavorable decision finding Plaintiff not disabled and accordingly denied Plaintiff's claims for benefits (Tr. 12–29). Subsequently, Plaintiff requested review from the Appeals Council, which the Appeals Council denied (Tr. 1–6, 180–82). Plaintiff then timely filed a complaint with this Court (Doc. 1). The case is now ripe for review under 42 U.S.C. §§ 405(g), 1383(c)(3).

### B.  Factual Background and the ALJ's Decision

Plaintiff, who was born in 1973, claimed disability beginning January 1, 2018 (Tr. 183, 187).[2] Plaintiff completed one year of college (Tr. 220). Plaintiff's past relevant work experience included work as a construction worker (Tr. 42–43, 221). Plaintiff alleged disability due to attention deficit hyperactivity disorder (ADHD), two bad ankles, degenerative discs in her back, tennis elbow, asthma, head injuries, memory loss, and thyroid issues (Tr. 219).

In rendering the administrative decision, the ALJ concluded that Plaintiff met the insured status requirements through December 31, 2022 and had not engaged in substantial gainful activity since January 1, 2018, the alleged onset date (Tr. 17). After conducting a hearing and reviewing the evidence of record, the ALJ

---

[2] In her application for DIB, Plaintiff identified her disability onset date as January 1, 2018, while in her application for SSI, Plaintiff identified her disability onset date as December 3, 2017 (Tr. 187). The ALJ stated that Plaintiff alleged a disability onset date of January 1, 2018 in both applications (Tr. 15). In the Joint Memorandum, Plaintiff does not take issue with the disability onset date, indicating that she alleged a disability onset date of January 1, 2018 in both of her applications (Doc. 24, at 1). Accordingly, the Court will use January 1, 2018 as the alleged onset date.

determined Plaintiff had the following severe impairments: degenerative disc disease, lumbar; obesity; ankle sprains; migraines; and ADHD (Tr. 18). Notwithstanding the noted impairments, the ALJ determined Plaintiff did not have an impairment or combination of impairments that met or medically equaled one of the listed impairments in 20 C.F.R. Part 404, Subpart P, Appendix 1 (Tr. 18). The ALJ then concluded that Plaintiff retained a residual functional capacity ("RFC") to perform light work, except that Plaintiff must avoid concentrated exposure to dust, chemicals, and fumes and was further limited to understanding and remembering simple job instructions and performing simple routine job tasks (Tr. 19). In formulating Plaintiff's RFC, the ALJ considered Plaintiff's subjective complaints and determined that, although the evidence established the presence of underlying impairments that reasonably could be expected to produce the symptoms alleged, Plaintiff's statements as to the intensity, persistence, and limiting effects of her symptoms were not entirely consistent with the medical evidence and other evidence (Tr. 20).

Considering Plaintiff's noted impairments and the assessment of a vocational expert ("VE"), however, the ALJ determined Plaintiff could not perform her past relevant work (Tr. 23). Given Plaintiff's background and RFC, the VE testified that Plaintiff could perform other jobs existing in significant numbers in the national economy, such as a marker, a router, and an assembler (Tr. 24, 43). Accordingly, based on Plaintiff's age, education, work experience, RFC, and the testimony of the VE, the ALJ found Plaintiff not disabled (Tr. 24).

## II.

To be entitled to benefits, a claimant must be disabled, meaning he or she must be unable to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than twelve months. 42 U.S.C. §§ 423(d)(1)(A), 1382c(a)(3)(A). A "physical or mental impairment" is an impairment that results from anatomical, physiological, or psychological abnormalities, which are demonstrable by medically acceptable clinical and laboratory diagnostic techniques. 42 U.S.C. §§ 423(d)(3), 1382c(a)(3)(D).

To regularize the adjudicative process, the SSA promulgated the detailed regulations currently in effect. These regulations establish a "sequential evaluation process" to determine whether a claimant is disabled. 20 C.F.R. §§ 404.1520, 416.920. If an individual is found disabled at any point in the sequential review, further inquiry is unnecessary. 20 C.F.R. §§ 404.1520(a), 416.920(a). Under this process, the ALJ must determine, in sequence, the following: whether the claimant is currently engaged in substantial gainful activity; whether the claimant has a severe impairment, *i.e.*, one that significantly limits the ability to perform work-related functions; whether the severe impairment meets or equals the medical criteria of 20 C.F.R. Part 404 Subpart P, Appendix 1; and whether the claimant can perform his or her past relevant work. 20 C.F.R. §§ 404.1520(a)(4), 416.920(a)(4). If the claimant cannot perform the tasks required of his or her prior work, step five of the evaluation

requires the ALJ to decide if the claimant can do other work in the national economy in view of his or her age, education, and work experience. 20 C.F.R. §§ 404.1520(a)(4)(v), 416.920(a)(4)(v). A claimant is entitled to benefits only if unable to perform other work. *Bowen v. Yuckert*, 482 U.S. 137, 140–42 (1987); 20 C.F.R. §§ 404.1520(g)(1), 416.920(g)(1).

A determination by an ALJ that a claimant is not disabled must be upheld if it is supported by substantial evidence and comports with applicable legal standards. *See* 42 U.S.C. §§ 405(g), 1383(c)(3). "Substantial evidence is more than a scintilla and is such relevant evidence as a reasonable person would accept as adequate to support a conclusion." *Winschel v. Comm'r of Soc. Sec.*, 631 F.3d 1176, 1178 (11th Cir. 2011) (citation and internal quotation marks omitted). While the court reviews the ALJ's decision with deference to the factual findings, no such deference is given to the legal conclusions. *Ingram v. Comm'r of Soc. Sec.*, 496 F.3d 1253, 1260 (11th Cir. 2007) (citations omitted).

In reviewing the ALJ's decision, the court may not reweigh the evidence or substitute its own judgment for that of the ALJ, even if it finds that the evidence preponderates against the ALJ's decision. *Winschel*, 631 F.3d at 1178 (citations omitted); *Bloodsworth v. Heckler*, 703 F.2d 1233, 1239 (11th Cir. 1983). The ALJ's failure to apply the correct law, or to give the reviewing court sufficient reasoning for determining that he or she has conducted the proper legal analysis, mandates reversal. *Ingram*, 496 F.3d at 1260. The scope of review is thus limited to determining whether the findings of the ALJ are supported by substantial evidence

and whether the correct legal standards were applied. 42 U.S.C. § 405(g); *Wilson v. Barnhart*, 284 F.3d 1219, 1221 (11th Cir. 2002) (per curiam) (citations omitted).

**III.**

Plaintiff contends that the ALJ did not fully and adequately weigh the evidence concerning Plaintiff's migraines. More specifically, Plaintiff argues that the ALJ improperly discounted Plaintiff's subjective complaints, formed an RFC without limitations for migraines, and failed to present the VE with hypotheticals which included Plaintiff's migraines (Doc. 24 at 10, 12). For the following reasons, the ALJ applied the correct legal standards and the ALJ's decision is supported by substantial evidence.

At step four of the sequential evaluation process, the ALJ assesses the claimant's RFC and ability to perform past relevant work. *See* 20 C.F.R. §§ 404.1520(a)(4)(iv), 404.1545, 416.920(a)(4)(iv), 416.945. To determine a claimant's RFC, an ALJ makes an assessment based on all the relevant evidence of record as to what a claimant can do in a work setting despite any physical or mental limitations caused by the claimant's impairments and related symptoms. 20 C.F.R. §§ 404.1545(a)(1), 416.945(a)(1). In rendering the RFC, the ALJ considers medical opinions as well as all the other evidence of record and will consider all the medically determinable impairments, including impairments that are not severe, and the total limiting effects of each. 20 C.F.R. §§ 404.1520(e), 404.1545(a)(2) & (e), 416.920(e), 416.945(a)(2) & (e); *see Jamison v. Bowen*, 814 F.2d 585, 588 (11th Cir. 1987) (stating that the "ALJ must consider the applicant's medical condition

taken as a whole"). In doing so, the ALJ considers evidence such as the claimant's medical history; medical signs and laboratory findings; medical source statements; daily activities; evidence from attempts to work; lay evidence; recorded observations; the location, duration, frequency, and intensity of the claimant's pain or other symptoms; the type, dosage, effectiveness, and side effects of any medication or other treatment the claimant takes or has taken to alleviate pain or other symptoms; treatment, other than medication, the claimant receives or has received for relief of pain or other symptoms; any measures the claimant uses or has used to relieve pain or symptoms; and any other factors concerning the claimant's functional limitations and restrictions. 20 C.F.R. §§ 404.1529(c)(3)(i)–(vii), 404.1545(a)(3), 416.929(c)(3)(i)–(vii), 416.945(a)(3); Social Security Ruling ("SSR") 96-8p, 1996 WL 374184 (July 2, 1996); SSR 16-3p, 2017 WL 5180304 (Oct. 25, 2017). While the ALJ must consider the Plaintiff's medical condition as a whole, "[t]here is no rigid requirement that the ALJ specifically refer to every piece of evidence in his decision." *Dyer v. Barnhart*, 395 F.3d 1206, 1211 (11th Cir. 2005) (citation omitted). Instead, the ALJ need only provide "enough to enable [this Court] to conclude that [the ALJ] considered [claimant's] medical condition as a whole." *Id*.

As indicated, in addition to the objective evidence of record, the ALJ must consider all the claimant's symptoms,[3] including pain, and the extent to which these

---

[3] The regulations define "symptoms" as a claimant's own description of his or her physical or mental impairment. 20 C.F.R. §§ 404.1502(i), 416.902(n).

symptoms can reasonably be accepted as consistent with the objective evidence and other evidence. *See* 20 C.F.R. §§ 404.1529, 416.929; SSR 16-3p, 2017 WL 5180304, at *2. A claimant's statement as to pain or other symptoms shall not alone be conclusive evidence of disability. 42 U.S.C. § 423(d)(5)(A). Rather, consideration of a claimant's symptoms involves a two-step process, wherein the ALJ first considers whether an underlying medically determinable physical or mental impairment exists that could reasonably be expected to produce the claimant's symptoms, such as pain. 20 C.F.R. §§ 404.1529(b), 416.929(b); SSR 16-3p, 2017 WL 5180304, at *3–9. If the ALJ determines that an underlying physical or mental impairment could reasonably be expected to produce the claimant's symptoms, the ALJ evaluates the intensity and persistence of those symptoms to determine the extent to which the symptoms limit the claimant's ability to perform work-related activities. 20 C.F.R. §§ 404.1529(c), 416.929(c); SSR 16-3p, 2017 WL 5180304, at *3–9. When the ALJ discredits the claimant's subjective testimony, the ALJ must articulate explicit and adequate reasons for doing so. *Wilson*, 284 F.3d at 1225. A reviewing court will not disturb a clearly articulated finding regarding a claimant's subjective complaints supported by substantial evidence in the record. *Mitchell v. Comm'r, Soc. Sec. Admin.*, 771 F.3d 780, 782 (11th Cir. 2014); *Foote v. Chater,* 67 F.3d 1553, 1562 (11th Cir. 1995) (per curiam).

      Here, the ALJ found that while Plaintiff's medically determinable impairments could reasonably be expected to cause her claimed symptoms, the intensity and persistence of Plaintiff's symptoms were inconsistent with medical

evidence in the record (Tr. 20). The ALJ discounted Plaintiff's subjective complaints because the "objective and clinical evidence of record does not support the severity of the functional limitations alleged by the claimant." (Tr. 22). However, the ALJ— "allowing the claimant the maximum benefit of doubt"—determined that the Plaintiff has the RFC to perform light work except that she must avoid concentrated exposure to dust, chemicals, and fumes, is limited to understanding and remembering simple job instructions, and can perform simple routine job tasks (Tr. 19, 23). As noted above, Plaintiff challenges the ALJ's decision and argues the ALJ improperly discounted Plaintiff's subjective complaints of pain as well as her visits to medical providers on April 12, 2019, November 26, 2019, and December 27, 2019 in forming the Plaintiff's RFC. Plaintiff's argument is without merit.

The ALJ properly found the Plaintiff's subjective complaints inconsistent with the objective evidence. The ALJ highlighted that Plaintiff's migraines were being treated with medication and she had reported that the migraines had become "mild" on this medication (Tr. 21). The ALJ also reasoned that "[i]f the claimant's symptoms were as severe as alleged, one would expect the need for more aggressive forms of treatment such as surgery, narcotic medications, referral to pain management, inpatient hospitalizations or emergency department treatment." (Tr. 22). Instead, Plaintiff was seen mostly in outpatient visits, where physical and mental status examinations were mostly within normal limits (Tr. 22, 461, 478, 490, 498–99, 503, 515, 519, 525, 530, 534, 541, 552, 557, 610, 614). Such conservative treatment for Plaintiff's migraines supports the ALJ's finding that Plaintiff's

9

subjective complaints were not as severe as alleged and did not support a finding of disability. *See Horowitz v. Comm'r of Soc. Sec.*, 688 F. App'x 855, 863–64 (11th Cir. 2017)[4] (finding that a conservative treatment regimen for a plaintiff's mental and physical impairments supported the ALJ's finding that the claimant's subjective complaints were inconsistent with the medical evidence); *Wolfe v. Chater*, 86 F.3d 1072, 1078 (11th Cir. 1996) (finding that the ALJ did not err in relying upon the plaintiff's conservative treatment to discredit the plaintiff's subjective complaints regarding his nonexertional impairments). The ALJ also found it persuasive that Plaintiff was able to drive, work part time, and engage in other activities. In *Zuba-Ingram v. Comm'r of Soc. Sec.*, the Eleventh Circuit considered an argument that the ALJ failed to address the frequency, intensity, and duration of the claimant's migraine headaches, as well as the severity of her limitations. 600 F. App'x 650, 655 (11th Cir. 2015). The Eleventh Circuit held that the ALJ appropriately reasoned that the headache testimony was undermined by the claimant's daily and travel activities, which were not alleged to be compromised by headaches. *Id.* at 656. Similarly, here, the ALJ found it persuasive that Plaintiff "was able to participate in a wide range of activities which one would not expect of an individual alleging disability, including driving and working, albeit part-time." (Tr. 22, 247–48, 614). Plaintiff also reported in January 2020 that she was employed part-time in retail but "did not like it," which, as the ALJ notes, suggests that Plaintiff's lack of

---

[4] Unpublished opinions are not considered binding precedent but may be cited as persuasive authority. 11th Cir. R. 36-2.

employment is not due to her physical or mental limitations (Tr. 22). Finally, the ALJ also found it relevant that in their evaluations, state agency physicians and psychologists "opined that there was insufficient evidence to evaluate the claimant's allegations." (Tr. 23, 79, 81). A reviewing court will not disturb a clearly articulated finding regarding a claimant's subjective complaints supported by substantial evidence in the record. *See Brito v. Comm'r of Soc. Sec. Admin.*, 687 F. App'x 801, 804 (11th Cir. 2017) (upholding the ALJ's credibility finding, even though the claimant identified "other evidence in the record that was consistent with her hearing testimony and to which the ALJ did not specifically refer in making her credibility determination"). That the ALJ discounted Plaintiff's subjective complaints of migraines because of this countervailing evidence is not for this court to disturb because the ALJ's finding is supported by clearly articulated reasons that are supported substantial evidence. *See Wilson*, 284 F.3d at 1225; *Mitchell*, 771 F.3d at 782; *Foote*, 67 F.3d at 1562. Accordingly, the ALJ's decision to discount Plaintiff's subjective complaints is not subject to reversal.

Plaintiff also challenges the ALJ's hypothetical questions to the VE, arguing the hypothetical questions posed to the VE did not comprehensively describe the claimant's impairments (Doc. 24 at 12). Plaintiff fails to explicitly identify the specific limitations from her migraines that the ALJ should have included in the hypothetical questions to the VE, but it is implicit in the type of limitations alleged that the impairment on Plaintiff's ability to work would be absenteeism. Plaintiff alleges she needs to be in the dark and "out of action" for a few days when she gets

a migraine (Doc. 24 at 10; Tr. 39). Plaintiff testified that these migraines occur one to two times per week (Tr. 40). Later in the hearing, the ALJ asked the VE about employer tolerance for absenteeism (Tr. 44). The VE responded that "[m]issing two days a month would preclude all work in the national economy." (Tr. 44). Thus, the ALJ inquired about the effects migraines would have on Plaintiff's ability to work were the ALJ to find Plaintiff's testimony credible and otherwise find Plaintiff limited in this way. However, the ALJ validly discounted Plaintiff's subjective complaints as discussed above. Accordingly, the limitations associated with those subjective complaints—absenteeism—need not be included in the resultant RFC.

Plaintiff also argues in broader strokes that the ALJ failed to consider certain sources of evidence in her formation of Plaintiff's RFC. Plaintiff cites to her subjective complaints of pain and her visits to medical providers on April 12, 2019, November 26, 2019, and December 27, 2019 as being missing from the ALJ's analysis.[5] True, the ALJ does not specifically mention visits to medical providers on November 26, 2019 and December 27, 2019, two appointments at which

---

[5] It is worth highlighting that in support of her argument, Plaintiff cites cases discussing the ALJ's obligations regarding consideration of "medical opinion" evidence (Doc. 24 at 11). Medical opinions are more than mere diagnoses, rather, medical opinions are defined under the Code as statements from acceptable medical sources that "reflect judgments about the nature and severity" of a claimant's impairments, including symptoms, diagnosis and prognosis, and importantly, what the claimant can still do despite the impairments, and physical or mental restrictions. 20 C.F.R. §§ 404.1527(a)(1), 416.927. Plaintiff offers no medical opinion evidence in support of her argument. The ALJ makes note of this as well (Tr. 22) (noting "the claimant has failed to offer an opinion to support her allegations"). Accordingly, further analysis of Plaintiff's "medical opinion" evidence is unnecessary.

Plaintiff was treated for migraines, among other things (Tr. 530, 535). But the failure to specifically mention this evidence is not enough for a reversal; rather, "[t]here is no rigid requirement that the ALJ specifically refer to every piece of evidence in his decision." *Dyer*, 395 at 1211. Instead, the ALJ need only provide "enough to enable [this Court] to conclude that [the ALJ] considered [claimant's] medical condition as a whole." *Id*. It bears repeating that in reviewing the ALJ's decision, the court may not decide the facts anew, re-weigh the evidence, or substitute its own judgment for that of the ALJ, even if it finds that the evidence preponderates against the ALJ's decision. *Bloodsworth*, 703 F.2d at 1239. The court considers only whether the findings of the ALJ are supported by substantial evidence and whether the correct legal standards were applied. 42 U.S.C. § 405(g); *Wilson*, 284 F.3d at 1221.

      The ALJ's decision makes clear that the entire medical condition of the Plaintiff was considered in forming the RFC and thus the exclusion of the two appointments Plaintiff cites does not warrant reversal. First, contrary to Plaintiff's contention, the ALJ in fact does note the April 12, 2019 visit to North Manatee Family Healthcare Center and that the claimant was "diagnosed with hypothyroidism, asthma, cough, migraine, and ADHD." (Tr. 21, 458–62). The ALJ also references the February 2020 appointment when Plaintiff reported her migraines "much improved on medication" and "only mild now" though more frequent (Tr. 21, 516). The excluded appointments took place between these two appointments (Tr. 462, 530, 535, 516). While Plaintiff reported increasing frequency of migraines at the excluded appointments and was prescribed medication at both,

Plaintiff admitted the medication was effective (Tr. 516, 530, 535). Thus, the inclusion of these specific appointments in the decision would not have impacted the ALJ's analysis. Second, the ALJ does take into account Plaintiff's subjective complaints but consciously discounted this testimony as incongruent with the objective and clinical evidence (Tr. 22). As discussed above, the ALJ's credibility determination is supported by substantial evidence; namely, the opinions of state agency physicians and psychologists, doctors' conservative treatment of the migraines, Plaintiff's reported activities during the relevant time period, and Plaintiff's self-reported improvement in February 2020. Third, the ALJ asked the VE specific questions regarding absenteeism in case the ALJ were to find Plaintiff's alleged need to be "out of action" for a few days credible (Tr. 39, 40, 44). This signals that the ALJ was considering Plaintiff's migraines but consciously chose not include their limitations in the RFC. Finally, the ALJ stated explicitly that "[i]n making this finding, [she] ha[s] considered all symptoms." (Tr. 19). The Eleventh Circuit has noted that, where the ALJ stated that he considered all symptoms in determining the RFC, such statements were enough to demonstrate that the ALJ considered all the necessary evidence. *See Tuggerson-Brown v. Comm'r of Soc. Sec.*, 572 F. App'x 949, 952 (11th Cir. 2014). It is clear the ALJ did not neglect to address the migraines; indeed, the ALJ found the migraines to be severe at step two[6] (Tr. 19).

---

[6] Plaintiff implies that a finding of a "severe impairment" at step two should itself prove an impact on ability to work that would preclude employment (Doc. 24 at 8). While it is true that the ALJ found Plaintiff's impairments were severe at step 2, such a finding does not automatically equate to a work-related limitation that an ALJ must include in his final RFC determination or questions to the VE. *Moore v. Barnhart*, 405 F.3d 1208, 1213

However, the ALJ also decided that the migraines were not severe enough to warrant limitations reflected in Plaintiff's RFC. That decision was supported by substantial evidence.

For the foregoing reasons, the ALJ articulated explicit and adequate reasons for finding Plaintiff's subjective complaints about her migraine headaches not entirely consistent with the record. Second, the ALJ's questions to the VE included absenteeism, the impairment associated with Plaintiff's migraines. Finally, in forming the RFC, the ALJ applied the correct legal standards and the determination is supported by substantial evidence. Accordingly, the ALJ's decision is affirmed.

**IV.**

Accordingly, after consideration, it is hereby

ORDERED:

1. The decision of the Commissioner is AFFIRMED.

2. The Clerk is directed to enter final judgment in favor of the Defendant and close the case.

---

n.6 (11th Cir. 2005) (noting that "the mere existence of ... impairments does not reveal the extent to which they limit [a claimant's] ability to work"); *McCruter v. Bowen*, 791 F.2d 1544, 1547 (11th Cir. 1986) (explaining that an impairment's severity "must be measured in terms of its effect upon ability to work"). Rather, the Plaintiff must show the effect of the impairment on her ability to work. *See Carter v. Comm'r of Soc. Sec.*, 411 F. App'x 295, 299 (11th Cir. 2011) (per curiam); 20 C.F.R. § 404.1512(a) (setting out the claimant's responsibility to prove they are disabled).

DONE AND ORDERED in Tampa, Florida, on this 26th day of September, 2022.

*[Signature]*

ANTHONY E. PORCELLI
United States Magistrate Judge

cc: Counsel of Record